IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY DAVIS and PHIL DAVIS,<br>16 Orchard Valley<br>Cranston, RI 02921<br><br>            Plaintiffs,<br>   v.<br><br>ELI LILLY AND COMPANY,<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br>   w/s/o NATIONAL REGISTERED AGENTS, INC.<br>   1090 Vermont Avenue, N.W., #910<br>   Washington, DC 20005<br><br>   and<br><br>THE ABBOTT LABORATORIES, INC.,<br>100 Abbott Park Road<br>Abbott Park, IL 60064<br>      w/s/o CT Corporation System<br>      1025 Vermont Avenue<br>      Washington, DC 20036<br><br>   and<br><br>AVENTIS PHARMACEUTICALS, INC.,<br>      as successor to William H. Rorer, Inc.<br>55 Corporate Drive<br>Bridgewater, NJ 08807<br><br>   and<br><br>BRISTOL-MYERS SQUIBB COMPANY<br>      as successor to E.R. Squibb & Sons, Inc.<br>P.O. Box 4500<br>Princeton, NJ 08543<br>   w/s/o CT CORPORATION<br>   1025 Vermont Avenue, N.W.<br>   Washington, DC 20005<br><br>   and | Case No. |

1

DART INDUSTRIES, INC.  }
    as successor to Rexall Drug Company, Inc.  }
    w/s/o Sheila Ann Marie Moeller, Esq.  }
    Gilbride, Tusa, Last & Spellane  }
    31 Brookside Drive  }
    Greenwich, CT 06830  }

    and  }

ELAN PHARMACEUTICALS, INC.  }
    w/s/o National Registered Agents  }
    160 Greentree Drive, Suite 101  }
    Dover, DE 19904  }

    and  }

GLAXOSMITHKLINE,  }
    as successor to S.E. Massengill Co. and  }
    Burroughs-Wellcome Co.  }
5 Moore Drive  }
Research Triangle Park, NC 27709  }
    w/s/o GLAXOSMITHKLINE  }
    1500 K Street, N.W.  }
    Washington, DC 20036  }

    and  }

KREMERS-URBAN COMPANY,  }
    w/s/o JACKSON & CAMPBELL, P.C.  }
    1120 20th Street NW  }
    Suite 300-South  }
    Washington, DC 20036  }

    and  }

MALLINCKRODT, INC.  }
675 McDonnell Boulevard  }
Saint Louis, MO 63042  }

    and  }

MERCK & CO., INC.  }
P.O. Box 4  }
West Point, PA 19486  }
    w/s/o CT CORPORATION SYSTEM  }
    1025 Vermont Avenue, N.W.  }

2

Washington, DC 20005                            }
                                                }
        and                                     }
                                                }
ORTHO-MCNEIL PHARMACEUTICALS,                   }
        as successor to McNeil Lab, Inc.        }
1000 U.S. Highway 202                           }
Raritan, NJ 08869                               }
                                                }
        and                                     }
                                                }
PERSON & COVEY, INC.                            }
616 Allen Avenue                                }
Glendale, CA 91221                              }
                                                }
        and                                     }
                                                }
PREMO PHARMACEUTICAL LABORATORIES, INC.}
        w/s/o Corporation Trust Co.             }
        820 Bear Tavern Road                    }
        West Trenton, NJ 08628                  }
                                                }
        and                                     }
                                                }
PHARMACIA AND UPJOHN COMPANY                    }
100 Route 206 North                             }
Peapack, NJ 07977                               }
        w/s/o CT CORPORATION                    }
        1025 Vermont Avenue, N.W.               }
        Washington, D.C. 20005                  }
                                                }
                Defendants.                     }

## COMPLAINT
**(DES Litigation – Products Liability, Punitive Damages)**

1. Jurisdiction is founded upon 28 U.S.C. § 1332.

2. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Plaintiffs are citizens of the United States and residents of the State of Rhode Island.

4. Defendant Eli Lilly and Company ("Lilly") is a corporation resident and with principal place of business in the State of Indiana.

3

5. Defendant Abbott Laboratories, Inc. ("Abbott") is a corporation resident and with principal place of business in the state of Illinois.

6. Defendant Aventis Pharmaceuticals, Inc. ("Aventis") is a corporation resident and with principal place of business in the state of New Jersey.

7. Defendant Bristol-Myers Squibb Company ("Squibb") is a corporation resident and with principal place of business in the State of New York.

8. Defendant Dart Industries, Inc. ("Dart") is a corporation resident and with principal place of business in the state of Florida.

9. Defendant Elan Pharmaceuticals, Inc. ("Elan") is a corporation resident and with principal place of business in the state of Georgia.

10. Defendant GlaxoSmithKline ("GSK") is a corporation resident and with principal place of business in the state of Pennsylvania.

11. Defendant Kremers-Urban Company ("Kremers") is a corporation resident and with principal place of business in the state of Wisconsin.

12. Defendant Mallinckrodt, Inc. is a corporation resident and with principal place of business in the state of Missouri.

13. Defendant Merck & Company, Inc. ("Merck") is a corporation resident and with principal place of business in the state of Pennsylvania.

14. Defendant Person & Covey, Inc. ("Person") is a corporation resident and with principal place of business in the state of California.

15. Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo") is a corporation resident and with principal place of business in the state of New Jersey.

16. Defendant Pharmacia & Upjohn Company ("Upjohn") is a corporation resident and with principal place of business in New Jersey.

## COUNT I
### (Negligent Failure to Warn – Amy Davis)

3. On or about 1959 and 1960, during her pregnancy with Plaintiff Amy Davis, the mother of Amy Davis bought and ingested DES in California. The Defendants, and/or their predecessors acting in concert, manufactured, compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United States and the State of California.

4. It was the duty of the Defendants to adequately warn Ms. Davis's mother and Plaintiff Amy Davis as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

5. Defendants negligently failed to adequately warn Plaintiff Amy Davis's mother and Plaintiff Amy Davis of DES risks as to safety and efficacy of DES.

6. As a result of said negligence, Plaintiff Amy Davis was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant ectopic pregnancy, infertility, inability to carry a pregnancy to term, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

## COUNT II
### (Negligent Failure to Test – Amy Davis)

7. All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

8. Defendants had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

9. Defendants negligently failed to test DES in any regard as to its safety and efficacy.

10. As a result of Defendants' said negligence, Plaintiff Amy Davis was injured as aforesaid.

## COUNT III
### (Strict Liability – Amy Davis)

11. All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

12. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13. Defendants are engaged, or have been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

14. Plaintiff Amy Davis's mother purchased and ingested DES during her pregnancy with Plaintiff Amy Davis, and received and ingested DES in the same form and condition as when it left Defendants' possession.

15. Said product was defective when placed on the market by Defendants. DES was sold by the Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

16.  Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

17.  As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Amy Davis was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

18.  By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff Amy Davis for her DES-related injuries, losses, and damages.

## COUNT IV
### (Breach of Warranty – Amy Davis)

19.  All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

20.  At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

21.  Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff Amy Davis and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

22. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

23. As a direct result of the breach of warranties by the Defendants, Plaintiff Amy Davis has been injured as aforesaid.

## COUNT V
### (Misrepresentation – Amy Davis)

24. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

25. Defendants represented to pregnant women, including the mother of Plaintiff Amy Davis and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

26. The mother of the Plaintiff Amy Davis and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

27. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

28. As a direct result of said false representations by Defendants, Plaintiff Amy Davis was injured as aforesaid.

## COUNT VI
### (Punitive Damages – Amy Davis)

29. All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

30. The acts of the Defendants were gross, wanton and intentional in that Defendants, at the time of Plaintiff Amy Davis's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendants knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendants knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendants intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendants fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff Amy Davis by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VII
### (Loss of Consortium – Phil Davis)

31. All of the allegations contained in Counts I through VI are re-alleged and incorporated herein by reference.

32. Plaintiff, Phil Davis, is the husband of Amy Davis. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Phil Davis has been deprived of the love, services and affection of his wife, Amy Davis.

**WHEREFORE**, Plaintiff Amy Davis demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

**WHEREFORE,** Plaintiff Phil Davis, individually, demands judgment against Defendants Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper #502149

1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

11

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
AMY DAVIS and PHIL DAVIS

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Providence
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
ELI LILLY AND COMPANY, THE ABBOTT LABORATORIES, INC., AVENTIS PHARMACEUTICALS, INC., BRISTOL-MYERS SQUIBB COMPANY, DART INDUSTRIES, INC., ELAN PHARMACEUTICALS, INC., GLAXOSMITHKLINE, KREMERS-URBAN COMPANY, MALLINCKRODT, INC., MERCK & CO., INC., ORTHO-MCNEIL PHARMACEUTICALS, INC., PERSON & COVEY, INC., PREMO PHARMACEUTICAL LABORATORIES, INC., PHARMACIA AND UPJOHN COMPANY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
AARON M. LEVINE & ASSOCIATES
1320 NINETEENTH STREET, NW
FIFTH FLOOR
WASHINGTON, DC 20036
(202) 833-8040

Case: 1:08-cv-01350
Assigned To : Lamberth, Royce C.
Assign. Date : 8/5/2008
Description: PI/Malpractice

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
⦿ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⦿ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⦿ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

⦿ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*    OR    ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

14

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1332, State personal injury and products liability with diverse parties

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 6,000,000  Check YES only if demanded in complaint
JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE 8/5/2008   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.