IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMY DAVIS, *et vir.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: 08-CV-01350 (RCL) |
| ELI LILLY & COMPANY, *et al.* | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1. As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

2. As to Paragraph 2 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph

and, therefore, can neither admit nor deny the allegations contained in this paragraph and demands strict proof thereof by the Plaintiffs.

3. As to Paragraph 3 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

4. As to Paragraphs 4, 5 6, 8, 9, 10, 11, 12, 13, 14, 15 and 16 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in those paragraphs and, therefore can neither admit nor deny the allegations in those paragraphs and demands strict proof thereof by the Plaintiffs.

5. This Defendant admits the allegations of Paragraph 7 of the Complaint

6. As to Count I, Paragraph 3 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in the first sentence of this paragraph and, therefore, can neither admit nor deny the allegations contained in this sentence. Further answering, this Defendant denies the allegations contained in the second sentence of this paragraph as phrased.

7. As to Count I, Paragraphs 4, 5 and 6 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

8. As to Count II, Paragraph 7 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 6 as fully as if they were repeated verbatim herein.

9. As to Count II, Paragraphs 8, 9 and 10 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

10. As to Count III, Paragraph 11 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 10 as fully as if they were repeated verbatim herein.

11. As to Count III, Paragraphs 12, 14, 15, 16, 17 and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

12. As to Count III, Paragraph 13 of the Complaint, this Defendant states that its predecessor was in the business of producing DES and was previously a commercial manufacturer of DES.

13. As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

14. As to Count IV, Paragraphs 20, 21, 22 and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

15. As to Count V, Paragraph 24 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 23 as fully as if they were repeated verbatim herein.

16. As to Count V, Paragraphs 25, 26, 27 and 28 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

17. As to Count VI, Paragraph 29 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 28 as fully as if they were repeated verbatim herein.

18. As to Count VI, Paragraph 30 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

19. As to Count VII, Paragraph 31 of the Complaint, this Defendant incorporates by reference is prior responses to Paragraphs 1 through 30 as fully as if they were repeated verbatim herein.

20. As to Count VII, Paragraph 32 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

### SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

### EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

### NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

### TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiffs' causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

## THIRTEENTH DEFENSE

Plaintiff's causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

### SEVENTEENTH DEFENSE

Count VI of the Complaint attempts to set forth a cause of action for punitive damages which is not a separate cause of action, but merely requests a different type of damages and, therefore, Count VI is a legal nullity and should be stricken from the Complaint.

### EIGHTEENTH DEFENSE

Count VII of the Complaint attempts to set forth a cause of action for loss of consortium which cannot be maintained because the cause of action arose before the Plaintiffs were husband and wife.

### NINETEENTH DEFENSE

This Defendant states that there are no allegations contained in the Complaint legally sufficient to support a cause of action for exemplary or punitive damages as to this Defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice

### TWENTIETH DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIRST DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages violate this Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-SECOND DEFENSE

Any claims in the Complaint that seek an award of exemplary or punitive damages would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
sgl@gdldlaw.com
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August, 2008, a copy of Bristol-Myers Squibb Company's Answer to Complaint was electronically filed and mailed via first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Ericka L. Kleiman, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

Jonathan Gregor, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109
*Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
*Attorneys for Pharmacia and Upjohn Company; Ortho-McNeil Pharmaceuticals; Merck & Company, Inc.*

Craig C. Reilly, Esquire
111 Oronoco Street
Alexandria, VA 22314
*Attorneys for Dart Industries, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; *Attorneys for GlaxoSmithKline, Inc.; Mallinckrodt, Inc.*

Sarah A. Keast, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793; *Attorneys for Abbott Laboratories, Inc.*

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202; *Attorneys for Elan Pharmaceuticals*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia 22314; *Attorneys for Person & Covey, Inc.*

Robert N. Kelly, Esquire
Jackson & Campbell, PC
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036; *Attorneys for Kremers-Urban Co.*

William D. Sanders, Esquire
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 200
Florham Park, New Jersey 07932; *Attorneys for Sanofi Aventis*

                                                           /s/ Sidney G. Leech
                                                           Sidney G. Leech