IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY DAVIS, *et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | Case No. 1:08CV01350 |
| v. ) | |
| ) | |
| ELI LILLY AND COMPANY, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

# DEFENDANT PHARMACIA & UPJOHN COMPANY LLC'S
# ANSWER TO COMPLAINT

Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiffs Amy Davis and Phil Davis' Complaint as follows:

## JURISDICTION

1. Upjohn responds that whether this court has jurisdiction under 28 U.S.C. § 1332 is a legal question to which no response is required. To the extent a response is required, Upjohn denies the allegations in Paragraph 1 of the complaint.

2. Upjohn denies the allegations in Paragraph 2.

## PARTY - PLAINTIFFS

3. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 3; therefore, those allegations are denied.

## PARTY - DEFENDANTS

4. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 4; therefore, those allegations are denied.

5. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 5; therefore, those allegations are denied.

6. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 6; therefore, those allegations are denied.

7. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 7; therefore, those allegations are denied.

8. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 8; therefore, those allegations are denied.

9. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 9; therefore, those allegations are denied.

10. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 10; therefore, those allegations are denied.

11. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 11; therefore, those allegations are denied.

12. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 12; therefore, those allegations are denied.

13. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 13; therefore, those allegations are denied.

14. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 14; therefore, those allegations are denied.

15. Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 15; therefore, those allegations are denied.

16. Upjohn admits that it is a corporation with its principal place of business in New Jersey.

## COUNT I
### (Negligent Failure to Warn)

3. [sic]  Upjohn admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.  Upjohn denies that it "acted in concert" as alleged.  Upjohn is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4. [sic]  Upjohn denies the allegations in Paragraph 4.

5. [sic]  Upjohn denies the allegations in Paragraph 5.

6. [sic]  Upjohn denies the allegations in Paragraph 6.

## COUNT II
### (Negligent Failure to Test)

7. [sic]  Upjohn incorporates by reference its answers to the allegations in Count I.

8. [sic]  Upjohn denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9. [sic]  Upjohn denies the allegations in Paragraph 9.

10. [sic]  Upjohn denies the allegations in Paragraph 10.

## COUNT III
### (Strict Liability)

11. [sic]  Upjohn incorporates by reference its answers to the allegations in Counts I and II.

12. [sic]  Upjohn denies the allegations in Paragraph 12.

13.[sic] Upjohn denies the allegations in Paragraph 13, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

14.[sic] Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 14; therefore, those allegations are denied.

15.[sic] Upjohn denies the allegations in Paragraph 15.

16.[sic] Upjohn denies the allegations in Paragraph 16.

17.[sic] Upjohn denies the allegations in Paragraph 17.

18.[sic] Upjohn denies the allegations in Paragraph 18.

## COUNT IV
### (Breach of Warranty)

19.[sic] Upjohn incorporates by reference its answers to the allegations in Counts I, II and III.

20.[sic] Upjohn admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 20 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 20 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

21.[sic] Upjohn denies the allegations in Paragraph 21.

22.[sic] Upjohn denies the allegations in Paragraph 22.

23.[sic] Upjohn denies the allegations in Paragraph 23.

## COUNT V
### (Misrepresentation)

24.[sic] Upjohn incorporates by reference its answers to the allegations in Counts I, II, III and IV.

25.[sic] Upjohn denies the allegations in Paragraph 25.

26.[sic] Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 26; therefore, those allegations are denied.

27.[sic] Upjohn denies the allegations in Paragraph 27.

28.[sic] Upjohn denies the allegations in Paragraph 28.

## COUNT VI
### (Punitive Damages)

29.[sic] Upjohn incorporates by reference its answers to the allegations in Counts I, II, III, IV and V.

30.[sic] Upjohn denies the allegations in Paragraph 30.

## COUNT VII
### (Loss of Consortium – Phil Davis)

31.[sic] Upjohn incorporates by reference its answers to the allegations in Counts I, II, III, IV, V and VI.

32.[sic] Upjohn denies the allegations in paragraph 32.

By way of further answer, Upjohn denies all other allegations contained in Plaintiffs' Complaint which are not otherwise expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint and any claim for punitive damages are barred by reason of Upjohn's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

**FOURTH AFFIRMATIVE DEFENSE**

Upjohn states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiffs' mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

**FIFTH AFFIRMATIVE DEFENSE**

Upjohn states that to the extent Plaintiffs seek to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

**SIXTH AFFIRMATIVE DEFENSE**

Upjohn states that venue is both improper and inconvenient in this judicial district.

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint may be barred by the learned intermediary doctrine.

**EIGHTH AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

### NINTH AFFIRMATIVE DEFENSE

Upjohn states that its predecessor acted at all times in full conformity with the then-existing state of the art.

### TENTH AFFIRMATIVE DEFENSE

Upjohn states that Plaintiffs' breach of warranty claims must fail due to lack of privity and timely notice.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

### TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Upjohn are barred by the doctrines of estoppel, laches, waiver, statutory compliance, contributory negligence, assumption of risk and/or misuse or abuse of such product.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Upjohn was not responsible and with whom Upjohn has no legal connection.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Upjohn.

**FIFTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiffs.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

**NINETEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained injury or damage as alleged, they were exacerbated by Plaintiffs' failure to mitigate such injury or damage.

**TWENTIETH AFFIRMATIVE DEFENSE**

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiffs' Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Upjohn adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Upjohn reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

                                                  Respectfully submitted,

                                                  By: /s/ Elizabeth Ewert
                                                      Elizabeth Ewert (#479368)
                                                      DRINKER BIDDLE & REATH LLP
                                                      1500 K Street, N.W., Suite 1100
                                                     Washington, D.C. 20005-1209
                                                     Telephone: 202/842-8800
                                                     Telecopier: 202/842-8465
                                                     *Attorneys for Pharmacia & Upjohn*
                                                     *Company LLC*

Dated: August 20, 2008

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of August, 2008, a copy of the above and foregoing **Defendant Pharmacia & Upjohn Company LLC's Answer to Complaint** was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert