**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AMY DAVIS and PHIL DAVIS,**<br>16 Orchard Valley<br>Cranston, RI 02921<br><br>                      **Plaintiffs,**<br><br>    vs.<br><br>**ELI LILLY AND COMPANY,**<br>Lilly Corporate Center<br>Indianapolis, IN 46285<br>  w/s/o NATIONAL REGISTERED AGENTS,<br>  INC.<br>  1090 Vermont Avenue, N.W., #910<br>  Washington, DC 20005<br><br>                and<br><br>**THE ABBOTT LABORATORIES, INC.**<br>100 Abbott Park Road<br>Abbott Park, IL 60064<br>  w/s/o CT Corporation System<br>  1025 Vermont Avenue, N.W<br>  Washington, DC 20005<br><br>                and<br><br>**AVENTIS PHARMACEUTICALS, INC.**<br>  as successor to William H. Rorer, Inc.<br>55 Corporate Drive<br>Bridgewater, NJ 08807<br><br>                and<br><br>**BRISTOL-MYERS SQUIBB COMPANY**<br>  as successor to E.R. Squibb & Sons, Inc.<br>P.O. Box 4500<br><br>Princeton, NJ 08543<br>  w/s/o CT Corporation System<br>  1025 Vermont Avenue, N.W.<br>  Washington, DC 20005 | **Civil Action No. 08-CV-01350** |

- 2 -

and

**DART INDUSTRIES, INC.**
  as successor to Rexall Drug Company, Inc.
    w/s/o Sheila Ann Maraie Moeller, Esq.
    Gilbride, Tusa, Last & Spellane
    31 Brookside Drive
    Greenwich, CT 06830

        and

**ELAN PHARMACEUTICALS, INC.**
    w/s/o National Registered Agents
    160 Greentree Drive, Suite 101
    Dover, DE 19904

        and

**GLAXOSMITHKLINE,**
    as succesor to to S.E. Massengill Co. and
    Burroughs-Wellcome Co.
5 Moore Drive
Research Triangle Park, NC 27709
    w/s/o GLAXOSMITHKLINE
    1500 K Street, N.W.
    Washington, DC 20036

        and

**KREMERS-URBAN COMPANY**,
    w/s/o Jackson & Campbell, P.C.
    1120 20th Street N.W., Suite 300-South
    Washington, DC 20036

        and



**MALLINCKRODT, INC.**
675 McDonnell Blvd.
St. Louis, MO 63042

        and

- 2 -

- 3 -

**MERCK & CO., INC.**
P.O. Box 4
West Point, PA 19486
   w/s/o CT Corporation System
   1025 Vermont Avenue, N.W.

   Washington DC 20005

       and

**ORTHO-MCNEIL PHARMACEUTICALS,**
  as successor to McNeil Lab, Inc.
1000 U.S. Highway 202
Raritan, NJ 08869

       and

**PERSON & COVEY, INC.**
616 Allen Avenue
Glendale, CA 91221

       and

**PREMO PHARMACEUTICAL LABORATORIES, INC.**
   w/s/o Corporation Trust Co.
   820 Bear Tavern Road
   West Trenton, NJ 08628

       and

**PHARMACIA AND UPJOHN COMPANY**
100 Route 206 North
Peapack, NJ 07977
   w/s/o CT Corporation
   1025 Vermont Avenue, N.W.
   Washington, DC 20005

             **Defendants.**

- 3 -

**DEFENDANT ELI LILLY AND COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT**

COMES NOW Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, and submits its answers, by like numbered paragraphs, to the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Whether this Court has jurisdiction under 28 U.S.C. § 1332 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Lilly admits that Plaintiffs are alleging damages in excess of $75,000, however Lilly denies that Plaintiffs are entitled to recover any damages from Lilly.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies the same.

4. Lilly admits the allegations in Paragraph 4 of the Complaint.

5. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies the same.

6. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies the same.

7. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies the same.

8. Lilly is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 8 of the Complaint and therefore denies the same.

9. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies the same.

10. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the same.

11. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

## COUNT I

**(Negligent Failure to Warn - Amy Davis)**

3. [sic] Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 [sic] concerning the alleged prescription, purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain

accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 3 [sic] of the Complaint.

4. [sic] Lilly denies the allegations contained in Paragraph 4 [sic] of the Complaint.

5. [sic] Lilly denies the allegations contained in Paragraph 5 [sic] of the Complaint.

6. [sic] Lilly denies the allegations contained in Paragraph 6 [sic] of the Complaint.

## COUNT II

### (Negligent Failure to Test - Amy Davis)

7. [sic] Lilly repeats and realleges its answers in Count I above.

8. [sic] Lilly denies the allegations in Paragraph 8 [sic] of the Complaint.

9. [sic] Lilly denies the allegations in Paragraph 9 [sic] of the Complaint.

10. [sic] Lilly denies the allegations in Paragraph 10 [sic] of the Complaint.

## COUNT III

### (Strict Liability - Amy Davis)

11. [sic] Lilly repeats and realleges its answers in Counts I through II above.

12. [sic] Lilly denies the allegations in Paragraph 12[sic] of the Complaint.

13. [sic] Lilly denies the allegations contained in Paragraph 13 [sic] as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 13 [sic] of the Complaint.

14. [sic] Lilly is without knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 14 [sic] concerning the alleged purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Except as already stated, Lilly denies the allegations contained in Paragraph 14 [sic] of the Complaint.

15. [sic] Lilly denies the allegations in Paragraph 15 [sic] of the Complaint.

16. [sic] Lilly denies the allegations in Paragraph 16 [sic] of the Complaint.

17. [sic] Lilly denies the allegations in Paragraph 17 [sic] of the Complaint.

18. [sic] Lilly denies the allegations in Paragraph 18 [sic] of the Complaint.

## COUNT IV

### (Breach of Warranty - Amy Davis)

19. [sic] Lilly repeats and realleges its answers in Counts I through III above.

20. [sic] Lilly denies the allegations in Paragraph 20 [sic] as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 20 [sic] of the Complaint.

21. [sic] Lilly denies the allegations in Paragraph 21 [sic] of the Complaint.

22. [sic] Lilly denies the allegations in Paragraph 22 [sic] of the Complaint.

23. [sic] Lilly denies the allegations in Paragraph 23 [sic] of the Complaint.

## COUNT V

### (Misrepresentation - Amy Davis)

24. [sic] Lilly repeats and realleges its answers in Counts I through IV above.

25. [sic] Lilly denies the allegations in Paragraph 25 [sic] as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured

3076631v1

and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 25 [sic] of the Complaint.

26. [sic] Lilly denies the allegations in Paragraph 26 [sic] of the Complaint.

27. [sic] Lilly denies the allegations in Paragraph 27 [sic] of the Complaint.

28. [sic] Lilly denies the allegations in Paragraph 28 [sic] of the Complaint.

## COUNT VI

### (Punitive Damages - Amy Davis)

29. [sic] Lilly repeats and realleges its answers in Counts I through V above.

30. [sic] Lilly denies the allegations in Paragraph 30 [sic] of the Complaint.

## COUNT VII

### (Loss of Consortium - Phil Davis)

31. [sic] Lilly repeats and realleges its answers in Counts I through VI above.

32. [sic] Lilly is without knowledge as to the first sentence of Paragraph 32 [sic]. Lilly denies the remaining allegations contained in Paragraph 32 [sic] of the Complaint. Further answering, Lilly denies that Plaintiffs are entitled to judgment of any kind against Lilly.

## GENERAL DENIAL

Lilly admits that Plaintiffs seek the relief requested in the WHEREFORE paragraphs following paragraph 32 [sic] of Plaintiffs' Complaint, but denies that Plaintiffs are entitled to judgment, or any such relief, from Lilly. Lilly specifically denies those allegations contained in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Lilly reserves the right to amend its Answer and/or amend or add defenses to conform to such facts as may be revealed in discovery or otherwise. Without assuming the

burden of proof of such defenses that it would not otherwise have, Lilly affirmatively asserts the following defenses:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

### THIRD DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Lilly had no control.

### FOURTH DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to diethylstilbestrol.

### FIFTH DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

### SIXTH DEFENSE

Plaintiffs' claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement

(Second) of Torts, Section 402A, comments j and k, and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

### SEVENTH DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating diethylstilbestrol and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time diethylstilbestrol was manufactured.

### EIGHTH DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of diethylstilbestrol outweighed any foreseeable risks of harm.

### NINTH DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

### TENTH DEFENSE

The claims set forth in the Complaint are barred because Lilly breached no warranty, express or implied, to Plaintiffs or to Plaintiff's mother.

### ELEVENTH DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

### TWELFTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by Plaintiff's mother was properly prepared in accordance with the applicable standard of care.

**THIRTEENTH DEFENSE**

Plaintiffs' alleged damages were not caused by any failure to warn on the part of Lilly.

**FOURTEENTH DEFENSE**

Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

**FIFTEENTH DEFENSE**

To the extent applicable, Lilly is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

**SIXTEENTH DEFENSE**

The design, testing, and labeling of diethylstilbestrol was in conformity with the generally recognized and prevailing state of the art, i.e., the best technology reasonably available in the industry at the time diethylstilbestrol was first sold to any person not engaged in the business of selling such product.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiff's mother and/or Plaintiff's mother's prescribing physician was, or should have been, aware of the known risks associated with the use of diethylstilbestrol.

**EIGHTEENTH DEFENSE**

Plaintiffs' Complaint is defective in that Plaintiffs have failed to join indispensable parties.

**NINETEENTH DEFENSE**

Plaintiffs failed to give adequate or timely notice to Lilly of any alleged breach of warranty after Plaintiffs discovered or should have discovered such alleged breach and are,

therefore, barred from any recovery for such claims.

### TWENTIETH DEFENSE

Should Lilly be held liable, which liability is specifically denied, Lilly would be entitled to a set-off of all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred and preempted by Lilly's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

### TWENTY-SECOND DEFENSE

There is no privity between Plaintiffs and Lilly; therefore, Plaintiffs are barred from bringing any claims in which privity is an element.  Further, Plaintiffs' warranty claims are barred because Plaintiff's mother and/or Plaintiff's mother's prescribing physician did not rely on any alleged warranty from Lilly and/or did not timely notify Lilly of any alleged breach of warranty.

### TWENTY-THIRD DEFENSE

The alleged injuries to Plaintiffs are not the result of any act or omission of Lilly but, rather, result from an act of God.

### TWENTY-FOURTH DEFENSE

Any alleged injuries caused by diethylstilbestrol (which causal connection Lilly has denied and continues to deny) are not the result of any act or omission of Lilly, but rather the result of the misuse of diethylstilbestrol by Plaintiff's mother, which misuse bars the Plaintiffs from any recovery against Lilly.

**TWENTY-FIFTH DEFENSE**

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

**TWENTY-SIXTH DEFENSE**

Lilly had no duty to warn about any possible dangers in using diethylstilbestrol that were not known at the time of manufacture and sale of the product.

**TWENTY-SEVENTH DEFENSE**

Any damages sustained by Plaintiffs were caused by or contributed to by modification, alterations or maintenance of diethylstilbestrol after said prescription drug left the care, custody or control of Lilly, which was not reasonably expected by Lilly. Plaintiffs' claims are barred in whole or in part by the provisions of R.I. Gen. Laws § 9-1-32, *et seq*.

**TWENTY-EIGHTH DEFENSE**

Lilly denies any negligence or wrongdoing, denies it is liable under any theory of strict liability, and denies that diethylstilbestrol contributed to Plaintiffs' alleged injuries, losses or damages.

**TWENTY-NINTH DEFENSE**

Plaintiffs' product liability causes of action are barred because diethylstilbestrol was consistent with or exceeded consumer expectations.

**THIRTIETH DEFENSE**

In order to establish the fact of legal damage or loss, the Plaintiffs must establish

the product they allege caused injury was not a factor in preserving the pregnancy that resulted in Plaintiff's birth.

### THIRTY-FIRST DEFENSE

Plaintiffs' breach of warranty claims are barred by the Uniform Commercial Code as enacted in Rhode Island and/or California.

### THIRTY-SECOND DEFENSE

Plaintiff's mother assumed the risks inherent in the use of diethylstilbestrol and her assumption of risk is a bar to Plaintiffs' recovery in this case.

### THIRTY-THIRD DEFENSE

If Plaintiffs sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct Lilly is not responsible or with whom Lilly had no legal relationship.

### THIRTY-FOURTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

### THIRTY-FIFTH DEFENSE

Plaintiffs' causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

### THIRTY-SIXTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' causes of action are barred by the application of the Borrowing Statute as adopted in Rhode Island and/or California.

## THIRTY-EIGHTH DEFENSE

To the extent applicable, Lilly specifically asserts the defenses of comparative negligence and comparative assumption of risk.  To the extent that Lilly contributed to Plaintiffs' damages, if any, then Lilly asserts the application of the Rhode Island Comparative Negligence statute, R.I. Gen. Laws § 9-20-4.  In the event that Lilly is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Lilly reserves its right of contribution to the extent that it has to pay more than Lilly's pro rata share of the common liability consistent with the provisions set forth in the Rhode Island Uniform Contribution Among Tortfeasors Act, R.I. Gen. Laws § 10-6-1, *et seq.*, CAL CIV. CODE § § 1431 – 1431.5, § 875, *et seq.*, and other applicable law.

## THIRTY-NINTH DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained to the extent it seeks to punish Lilly for alleged harm to non-parties and/or persons who are not before the court.  Imposition of punitive damages under such circumstances would violate Lilly's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth Amendments to the United States Constitution and Lilly's due process and equal protection rights under related provisions of the Rhode Island and California Constitutions, and would be improper under the common law and public policies of the United States, the State of Rhode Island and the State of California.  Further, Plaintiffs have failed to state a claim for punitive damages against Lilly upon which relief may be granted.

## FORTIETH DEFENSE

Plaintiffs' claims are barred by reason of the decisions of the California Supreme Court in *Sindell v. Abbott Laboratories*, 26 Cal. 3d 588 (1980) and by reason of the California Appellate Court decision in *Magallanes v. Superior Court*, 167 Cal. App. 3d 878 (1985).

## JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Lilly prays as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2. That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

 /s/ Ericka L. Kleiman
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Kleiman, D.C. Bar No. 979666
SHOOK, HARDY & BACON L.L.P
600 14TH Street, N.W., Suite 800
Washington, DC  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
Jonathan H. Gregor
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO  64108-2613
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

**CERTIFICATE OF SERVICE**

        I HEREBY CERTIFY that on this 25th day of August, 2008, I caused the following document: **ELI LILLY AND COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT** to be filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Jennifer Gardner Levy
Kirkland & Ellis
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
**Attorneys for Abbott Laboratories**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
**Attorneys for Dart Industries, Inc.**

John Isbister
Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

- 19 -

Sarah S. Keast
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C.  20001
**Attorneys for Premo Pharmaceutical**
**Laboratories, Inc.**

/s/ Ericka L. Kleiman
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

- 19 -