IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMY and PHIL DAVIS,

                Plaintiffs,

        v.

ELI LILLY AND COMPANY, et al.,

                Defendants.

Civil Action No. 08-cv-1350 (RCL)

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

    Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel, responds to plaintiffs' complaint filed on August 5, 2008 (the "Complaint") as follows:

    In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo. Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of any allegations relating to any other defendant herein.

    1.    Denies the allegations in paragraph 1 of the Complaint and refers all questions of law to the Court, except that Premo does not contest personal jurisdiction in this matter.

    2.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

    3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      6.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      7.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      10.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      11.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      12.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      13.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      14.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

      15.      Admits the allegation contained in this paragraph.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of this claim.

## RESPONDING TO COUNT I

17. Denies the allegations in paragraph 17, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions. Further, admits that at times in the past Premo manufactured and sold DES in dosage form.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

20. Denies the allegations in paragraph 20 of the Complaint.

## RESPONDING TO COUNT II

21. Responding to the allegations in paragraph 21 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 20 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO COUNT III

25. Responding to the allegations in paragraph 25 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 24 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

26. Denies the allegations of paragraph 26 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

27. Denies the allegations in paragraph 27 of the Complaint, except admits that at certain times in the past Premo manufactured and sold DES in dosage form.

28. Denies the allegations in paragraph 28, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions.

29. Denies the allegations of paragraph 29 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

30. Denies the allegations of paragraph 30 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

31. Denies the allegations in paragraph 31 of the Complaint and refers all questions of law to the Court.

32. Denies the allegations in paragraph 32 of the Complaint and refers all questions of law to the Court.

**RESPONDING TO COUNT IV**

33. Responding to the allegations in paragraph 33 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 32 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

34. Denies the allegations in paragraph 34 of the Complaint, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

35. Denies the allegations in paragraph 35 of the Complaint.

36. Denies the allegations in paragraph 36 of the Complaint and refers all questions of law to the Court, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

37. Denies the allegations in paragraph 37 of the Complaint and refers all questions of law to the Court.

**RESPONDING TO COUNT V**

38. Responding to the allegations in paragraph 38 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 37 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

39. Denies the allegations in paragraph 39 of the Complaint, except admits that Premo believed at all times that it manufactured and sold DES that DES was safe and effective for its indicated uses.

40. Denies the allegations in paragraph 40, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions.

41. Denies the allegations in paragraph 41 of the Complaint and refers all questions of

law to the Court, except admits that Premo believed at all times that when it manufactured and sold DES that DES was safe and effective for its indicated uses.

42.   Denies the allegations in paragraph 42 of the Complaint and refers all questions of law to the Court.

### RESPONDING TO COUNT VI

43.   Responding to the allegations in paragraph 43 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 42 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

44.   Denies the allegations in paragraph 44 of the Complaint.

### RESPONDING TO COUNT VII

45.   Responding to the allegations in paragraph 45 of the Complaint, Premo repeats and realleges the responses to paragraphs 1 to 44 of the Complaint, *supra*, with the same force and effect as if hereinafter set forth at length.

46.   Denies the allegations in paragraph 46 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### THIRD AFFIRMATIVE DEFENSE

The causes of action alleged in the Complaint are barred by applicable statutes of limitations and by the applicable statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiff by Premo at the time such plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine of *en ventre sa mere*, and therefore, plaintiff has failed to allege facts sufficient to state a cause of action upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has been unable to identify Premo as the person causing the alleged injuries, and therefore has failed to state a cause of action against Premo upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by plaintiff as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

### SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that plaintiffs may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother and, therefore, barred by the doctrine of contributory negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting the causes of action contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiff's mother during pregnancy with such plaintiff, the use of said drug was responsible for the birth of such plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

**TENTH AFFIRMATIVE DEFENSE**

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiff or by such plaintiff's mother.

**TWELFTH AFFIRMATIVE DEFENSE**

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiff and Premo.

**THIRTEENTH AFFIRMATIVE DEFENSE**

With respect to all causes of action based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time and any applicable statutes of limitations apply.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a cause of action upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this Court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiff has asserted causes of action which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and all applicable state constitutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a cause of action upon which relief may be granted, in that, *inter alia*, plaintiff has asserted causes of action for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under the United States and all applicable state constitutions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Premo is found liable to plaintiff for any loss allegedly suffered by plaintiff, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiffs or their agents or persons other than Premo or completely barred by the doctrine of contributory negligence.

**NINETEENTH AFFIRMATIVE DEFENSE**

If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES and were not due to the fault, lack of care, negligence or any breach of duty by Premo.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred by the learned intermediary doctrine.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court is not the proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiffs' demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiffs in this case disproportionate to the actual damages incurred by plaintiffs, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiffs have failed to state facts sufficient to support a claim for punitive damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel and/or waiver.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses that become available during discovery or trial.

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated:   Washington, D.C.
         August 27, 2008

>                        Respectfully submitted,
>
>                        By:   /s/ Eric I. Goldberg
>                        Eric Goldberg (D.C. Bar #494052)
>                        GOODWIN PROCTER LLP
>                        901 New York Avenue, N.W.
>                        Washington, D.C. 20001
>                        Telephone:  (202) 346-4000
>                        Facsimile:  (202) 346-4444
>                        EGoldberg@goodwinprocter.com
>
>                        *Attorneys for Defendant*
>                        *Premo Pharmaceutical Laboratories, Inc.*
>
>                        Of Counsel:
>                        Christopher Garvey, Esq.
>                        Jordan D. Weiss, Esq.
>                        GOODWIN PROCTER LLP
>                        The New York Times Building
>                        620 Eighth Avenue
>                        New York, New York 10018
>                        Telephone (212) 813-8800
>                        Facsimile (212) 355-3333
>                        Cgarvey@goodwinprocter.com
>                        JWeiss@goodwinprocter.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27st day of August, 2008, a copy of the above and foregoing **Defendant Premo Pharmaceutical Laboratories, Inc.'s Answer to Complaint** was filed electronically with the Clerk of the Court, using the CM/ECF system, which sent notification of such filing to all parties and counsel in this case.


Dated:  August 27, 2008
        Washington, D.C.

                                            /s/ Eric I. Goldberg_____
                                            Eric I. Goldberg