# IN THE U.S. DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMY DAVIS and PHIL DAVIS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:08-cv-01350 |
| ) | Judge: Royce C. Lamberth |
| ELI LILLY AND CO., AVENTIS ) | |
| PHARMACEUTICLAS, INC., BRISTOL- ) | |
| MYERS SQUIBB CO., DART ) | |
| INDUSTRIES, ELAN ) | |
| PHARMACEUTICALS, INC., ) | |
| GLAXOSMITHKLINE, KREMERS- ) | |
| URBAN COMPANY, MALLINCKRODT, ) | |
| INC., MERCK & CO., INC., ORTHO- ) | |
| MCNEIL PHARMACEUTICALS, ) | |
| PERSON & COVEY, INC., PREMO ) | |
| PHARMACEUTICAL LABORATORIES, ) | |
| INC., PHARMACIA AND UPJOHN CO., ) | |
| and ABBOTT LABORATORIES, ) | |
| 100 Abbott Park Road, Abbott Park, ) | |
| Illinois 60064-3500, ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT ABBOTT LABORATORIES TO THE COMPLAINT

Defendant Abbott Laboratories ("Abbott"), through its attorneys, hereby answers plaintiff's complaint ("complaint") as follows, and offers the following affirmative defenses:

## ANSWER

1.   Admit.

2.   Admit.

3.   Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint and therefore denies same and demands strict proof thereof.

4. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and therefore denies same and demands strict proof thereof.

5. Admit.

6. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint and therefore denies same and demands strict proof thereof.

7. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint and therefore denies same and demands strict proof thereof.

8. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint and therefore denies same and demands strict proof thereof.

9. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint and therefore denies same and demands strict proof thereof.

10. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint and therefore denies same and demands strict proof thereof.

11. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint and therefore denies same and demands strict proof thereof.

12. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint and therefore denies same and demands strict proof thereof.

13. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint and therefore denies same and demands strict proof thereof.

14. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint and therefore denies same and demands strict proof thereof.

15. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint and therefore denies same and demands strict proof thereof.

16. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint and therefore denies same and demands strict proof thereof.

## COUNT I
### (Negligence)

3[sic.]. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint and therefore denies same and demands strict proof thereof.

4. The allegations in paragraph 4 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 4 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

5. The allegations in paragraph 5 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 5 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

6. The allegations in paragraph 6 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of

paragraph 6 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT II
### (Negligent Failure to Test Amy Davis)

7.  Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs above.

8.  The allegations in paragraph 8 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 8 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

9.  The allegations in paragraph 9 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 9 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

10. The allegations in paragraph 10 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 10 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT III
### (Strict Liability- Amy Davis)

11. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs above.

12. The allegations in paragraph 10 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 12 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

13. Abbott admits that it is and has been engaged in the manufacturing and selling of pharmaceuticals, among other things, in the United States. Abbott denies the remaining allegations contained in paragraph 13 and demands strict proof thereof.

14. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint and therefore denies same and demands strict proof thereof.

15. The allegations in paragraph 15 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 15 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

16. The allegations in paragraph 16 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 16 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

17. The allegations in paragraph 17 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 17 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

18. The allegations in paragraph 18 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 18 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

### COUNT IV
### (Breach of Warranty)

19. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs above.

20. The allegations in paragraph 20 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 20 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

21. The allegations in paragraph 21 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 21 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

22. The allegations in paragraph 22 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 22 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

23. The allegations in paragraph 23 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 23 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

### COUNT V
### (Misrepresentation)

24. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs above.

25. The allegations in paragraph 25 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 25 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

26. Abbott presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint and therefore denies same and demands strict proof thereof.

27. The allegations in paragraph 27 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 27 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

28. The allegations in paragraph 28 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 28 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT VI
### (Punitive Damages)

29. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs above.

30. The allegations in paragraph 30 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 30 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

## COUNT VII
### (Loss of Consortium- Phil Davis)

31. Abbott incorporates by reference, as fully set forth verbatim herein, its answers and defenses to each of the individually-numbered paragraphs above.

32. The allegations in paragraph 32 of the complaint purport to set forth a legal conclusion to which no answer from Abbott is required. To the extent that the allegations of paragraph 32 may be deemed factual, Abbott denies each and every allegation and demands strict proof thereof.

Abbott denies all of the allegations of plaintiff's complaint not herein specifically admitted, denied, or denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted. Abbott denies that it is in any way responsible for the injuries and damages alleged in the complaint, and further denies that it is liable to plaintiff in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

Abbott states the following affirmative defenses to the complaint:

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by applicable statutes of limitations and applicable statutes of repose.

3. Plaintiff's natural mother knowingly and intentionally assumed any and all risks inherent in the use of diethylstilbestrol and/or was contributorily negligent and/or engaged in misuse or abuse of said product which conduct is a complete bar to plaintiff's recovery, if any.

4. Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence and/or contributory fault.

5. Plaintiff's claims are barred in whole or in part by the doctrine of comparative negligence and/or comparative fault.

6. Plaintiff's claims are barred in whole or in part by the doctrine of assumption of risk.

7. Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

8. Plaintiff's claims are barred in whole or in part by the equitable doctrines of waiver, laches, and estoppel.

9. Plaintiff's claims are barred and preempted in whole or in part by federal, state and/or local statutes and/or regulations relating to pharmaceuticals.

10. The design, manufacture, inspection, packaging, warning, labeling and all other aspects of the product were in conformity with the then-existing state of the art.

11.     Plaintiff's claims are barred in whole or in part because of plaintiff's failure to mitigate.

12.     Plaintiff's claims are barred by the lack of causation between the alleged conduct and the alleged damages.

13.     Plaintiff's claims are barred because of intervening and/or superseding causes.

14.     Plaintiff's claims for breach of warranty are barred in whole or in part because of the express and/or durational limitations of any such warranties, if any.

15.     Plaintiff's claims for breach of warranty are precluded in whole or in part by express disclaimers of the applicable warranties, if any.

16.     Plaintiff's claims for breach of warranty are barred in whole or in part by virtue of plaintiff's lack of privity with Abbott.

17.     Plaintiff's claims for breach of warranty are barred in whole or in part by virtue of her failure to provide Abbott with the required notice and presentment of her claims.

18.     Plaintiff's claims for breach of warranty are barred in whole or in part because plaintiff has not provided Abbott with an opportunity to cure the alleged defect.

19.     Plaintiff's claims may have been fully or partially satisfied by the payments of a third party.

20.     Plaintiff's claims should be dismissed because her choice of venue is improper and/or inconvenient.

21.     Plaintiff's complaint fails to join a party or necessary parties without whom complete relief cannot be granted.

22.     Abbott reserves any additional defenses, which may subsequently come to light, and expressly reserves the right to amend its Answer to assert such additional defenses.

WHEREFORE, defendant Abbott Laboratories, having fully answered the complaint, requests that it be dismissed with costs assessed against plaintiff and such further relief as the Court deems just and proper.

Dated: August 26, 2008          Respectfully submitted,

         // Jennifer G. Levy//_____
         Jennifer Gardner Levy (D.C. Bar No. 461921)
         KIRKLAND & ELLIS LLP
         655 Fifteenth Street, N.W.
         Suite 1200
         Washington, D.C. 20005
         Tel.: (202) 879-5000
         Fax: (202) 879-5200

         Attorney for Abbott Laboratories

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed and served this 26th day of August, 2008 via this Court's Electronic Filing Service.

         // Jennifer G. Levy//_____
         Attorney for Abbott Laboratories