# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| AMY DAVIS, et vir. ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 1:08 cv 01350 (RCL) |
| ) | |
| v. ) | |
| ) | |
| ELI LILLY AND COMPANY, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DEFENDANT ELAN PHARMACEUTICAL INC.'S ANSWER TO COMPLAINT

Defendant ELAN PHARMACEUTICALS, INC. f/k/a CARNRICK LABORATORIES, INC. (referred to herein as "Elan"), by its undersigned attorneys, answers the complaint filed in this action as follows:

## ANSWER

1. The allegations contained in paragraph 1 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 1 may be deemed factual, Elan denies each and every such allegation.

2. The allegations contained in paragraph 2 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 2 may be deemed factual, Elan denies each and every such allegation.

3. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. Elan admits that it is a corporation resident and with a principal place of business in the state of Georgia.

10. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint.

14. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

## COUNT I
**(Negligent Failure to Warn – Amy Davis)**

3.[1]    Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 3 of the complaint and therefore denies same.  With regard to the second sentence of paragraph 3 of the complaint, Elan denies the allegations, except it admits that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes.  Elan lacks knowledge or information sufficient to form a belief as to the other defendants.

4.    The allegations contained in paragraph 4 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 4 may be deemed factual, Elan denies each and every such allegation.

5.    Elan denies the allegations set forth in paragraph 5 of the complaint.

6.    Elan denies the allegations set forth in paragraph 6 of the complaint.

## COUNT II
**(Negligent Failure to Test – Amy Davis)**

7.    Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

8.    The allegations contained in paragraph 8 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required.  To the extent that the allegations of paragraph 8 may be deemed factual, Elan denies each and every such allegation.

9.    Elan denies the allegations set forth in paragraph 9 of the complaint.

10.    Elan denies the allegations set forth in paragraph 10 of the complaint.

---

[1] Plaintiffs' Complaint is misnumbered.  Therefore, Elan has misnumbered its Answer in order to consistently track the paragraphs set forth in Plaintiffs' Complaint.

## COUNT III
### (Strict Liability – Amy Davis)

11.	Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

12.	The allegations contained in paragraph 12 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 12 may be deemed factual, Elan denies each and every such allegation.

13.	Elan denies each and every allegation contained in paragraph 13 of the complaint except admits that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, Elan denies knowledge or information sufficient to form a belief as to the other defendants.

14.	Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint and therefore denies same.

15.	The allegations contained in paragraph 15 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 15 may be deemed factual, Elan denies each and every such allegation.

16.	Elan denies the allegations set forth in paragraph 16 of the complaint.

17.	The allegations contained in paragraph 17 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 17 may be deemed factual, Elan denies each and every such allegation.

18.	Elan denies the allegations set forth in paragraph 18 of the complaint.

## COUNT IV
### (Breach of Warranty – Amy Davis)

19.	Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

20. The allegations contained in paragraph 20 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 20 may be deemed factual, Elan denies each and every such allegation. Elan does admit that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes.

21. The allegations contained in paragraph 21 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 21 may be deemed factual, Elan denies each and every such allegation.

22. Elan denies the allegations set forth in paragraph 22 of the complaint.

23. Elan denies the allegations set forth in paragraph 23 of the complaint.

## COUNT V
### (Misrepresentation – Amy Davis)

24. Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

25. Elan denies each and every allegation contained in paragraph 25 of the complaint except admits that at certain times Elan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, Elan denies knowledge or information sufficient to form a belief as to the other defendants.

26. Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint and therefore denies same.

27. The allegations contained in paragraph 27 of the complaint purport to set forth a legal conclusion to which no answer from Elan is required. To the extent that the allegations of paragraph 27 may be deemed factual, Elan denies each and every such allegation.

28. Elan denies the allegations set forth in paragraph 28 of the complaint.

## COUNT VI
### (Punitive Damages – Amy Davis)

29.  Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

30.  Elan denies the allegations set forth in paragraph 30 of the complaint.

## COUNT VII
### (Loss of Consortium – Phil Davis)

31.  Elan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

32.  Elan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 32 of the complaint and therefore denies the same.  Elan denies the allegations set forth in the second sentence of paragraph 32.

In response to the unnumbered paragraphs following paragraph 32 of the complaint, Elan states that these paragraphs are a demand for relief to which Elan responds that plaintiffs are not entitled to any relief, including the relief requested therein.

Elan denies all of the allegations of plaintiffs' complaint not herein specifically admitted, denied, or denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted.  Elan denies that it is in any way responsible for the injuries and damages alleged in the complaint, and further denies it is liable to plaintiffs in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

Elan pleads the following affirmative defenses to plaintiffs' complaint:

1.  The complaint fails to state a claim upon which any relief can be granted.

2.  This Court lacks personal jurisdiction over the defendant.

3. This Court lacks jurisdiction of the subject matter of the action.

4. This Court is the improper venue for plaintiffs' cause of action.

5. The place of trial of this action is set without due regard for the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof, and constitutes a *forum non conveniens* that requires that the action be tried in another jurisdiction.

6. Plaintiffs lacks capacity and standing to sue by reason of the fact that no duty was owed plaintiffs by this defendant at the time plaintiff Amy Davis's mother allegedly used the drug referred to in the complaint or by reason of the doctrine of *en ventre sa mere* and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

7. The complaint fails to join all necessary and indispensable parties in whose absence complete relief cannot be afforded among those already parties.

8. The injuries and damages allegedly sustained by plaintiff are attributable to the acts and/or omissions of other entities not parties to this action.

9. Plaintiffs' claims may be barred, in whole or in part, by the applicable statutes of limitation and/or repose.

10. Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

11. Plaintiffs' claims are barred by the doctrines of res judicata and/or collateral estoppel.

12. Plaintiffs' claims are barred by contributory negligence on the part of plaintiffs and/or plaintiff Amy Davis's natural mother.

13. Plaintiffs' claims are barred by assumption of risk by plaintiff and/or plaintiff Amy Davis's natural mother.

14. The drug referred to in plaintiffs' complaint is a prescription drug and the Federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution, and sale of the drug referred to in the complaint were and are controlled by Federal law and the manufacture, distribution, and sale of said drug at all times by this defendant were in compliance with applicable Federal law; therefore, plaintiff's causes of action fail to state any claim upon which relief can be granted in that, *inter alia*, such claims for relief if granted, would impede, impair, frustrate or burden the effectiveness of Federal law regulating the field of prescription drugs and would violate the Supremacy Clause of the United States Constitution.

15. Elan asserts that any injuries and damages sustained by plaintiffs were caused by the negligence, intentional acts, and/or omissions of persons other than Elan.

16. The alleged injuries and/or damages of plaintiffs, if any, were caused by fellow servants.

17. At all times material to plaintiffs' claims, Elan had no knowledge, either actual or constructive, and by application of reasonable, developed human skill and foresight, had no reason to know of the propensities, if any, of DES to allegedly cause or contribute to the creation of medical conditions or circumstances involving alleged injury or illness of any type whatsoever.

18. Elan denies the applicability of the doctrine of strict liability in tort to this litigation.

19. Plaintiffs' claims are barred in whole or in part by the learned intermediary doctrine.

20. The pharmaceutical products that plaintiff Amy Davis's natural mother was allegedly prescribed and ingested were, at the time of their manufacture and/or sale by Elan or

other defendants, entirely safe as established by the medical and scientific art at the time of their manufacture and/or sale.

21. Elan's products, if any, were in no way defective or ultra-hazardous in light of the existing state-of-the-art.

22. If any products allegedly used by plaintiff Amy Davis's natural mother were unsafe, they were unavoidably so.

23. Any injuries and damages sustained by the plaintiffs were the result of the misuse and/or abuse of the aforesaid product by plaintiff Amy Davis or her natural mother.

24. Elan's alleged failure to warn was not a cause-in-fact of plaintiff Amy Davis's development of any injury.

25. There should be no recovery against Elan under any claim of implied warranty because, upon information and belief, Elan has properly and adequately disclaimed all such implied warranties.

26. There being no privity of contract between Elan and plaintiff Amy Davis, there can be no cause of action against Elan for alleged breach of warranties.

27. There is no warranty, expressed or implied, between plaintiff Amy Davis and Elan, and if there is such warranty, plaintiff Amy Davis has waived any such warranty.

28. Plaintiff Amy Davis failed to give reasonably prompt or timely notice of an alleged breach of warranty and have not given Elan adequate time to cure any alleged defect.

29. Elan did not produce, manufacture, sell, distribute or otherwise place into the stream of commerce any products that were the proximate cause of the claimed injuries of plaintiffs.

30. While denying any negligence or improper conduct with respect to the subject matter of the complaint, Elan states that insofar as negligence or improper conduct is found, it was not a proximate cause of any injury allegedly sustained by plaintiffs.

31. While denying all allegations of the complaint regarding injury and damages allegedly sustained by plaintiffs, Elan states that if plaintiffs prove said injuries and damages, they were caused by the superseding and intervening acts of negligence of other parties over whom this defendant had no control, nor right to control, and for whose actions this defendant is not liable.

32. Any and all products allegedly manufactured, supplied, sold, produced or otherwise placed into the stream of commerce by this defendant were in Sealed Containers within the definitions set forth in any applicable statute in this jurisdiction that provides a complete defense to plaintiffs' allegations.

33. Plaintiffs failed to allege fraudulent conduct on the part of defendant with sufficient particularity to state a cause of action for fraud and/or misrepresentation.

34. Plaintiffs failed to mitigate their damages, if any.

35. Count VI of the complaint does not constitute a separate cause of action, but merely requests a different type of damages and, therefore, Count VI of the complaint is a legal nullity.

36. Any claims in the complaint that seek an award of exemplary or punitive damages violate this defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

37. Any claims in the complaint that seek an award of exemplary or punitive damages violate this defendant's right to protection from "excessive fines" as provided in the Eight Amendment of the United States Constitution.

38. This defendant states that there are no allegations contained in the complaint legally sufficient to support a cause of action for exemplary or punitive damages as to this defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice

39. Count VII of the complaint attempts to set forth a cause of action for loss of consortium which cannot be maintained because the cause of action arose before the plaintiffs were husband and wife.

40. In the event plaintiffs recover a verdict or judgment against this defendant, then said verdict or judgment must be reduced, to the extent allowed by the law of the forum jurisdiction, by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any post or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

41. Elan avails itself of any and all such defenses as have been raised by any of the other defendants and/or third-party defendants in this proceeding as may be applicable to the complaint and/or third-party complaint.

42. Elan reserves the right to raise such other affirmative defenses as may be available or apparent during discovery.

**WHEREFORE**, defendant, Elan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc. demands judgment dismissing the complaint of plaintiffs together with the costs of this action.

Respectfully submitted,

*/s/ Jaime W. Luse*
Jaime W. Luse, D.C. Bar No. 501944
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700 - telephone
(410) 727-5460 - facsimile
jluse@tydingslaw.com

***Attorneys for Elan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28 day of August, 2008, a copy of defendant Elan Pharmaceuticals, Inc.'s answer to the complaint was filed and served electronically and by first class mail, postage prepaid upon all counsel of record.

/s/
Jaime W. Luse

#909342v.1